1
2
3
4
5
6
7
8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10   ALFREDO VARGAS,

11          Petitioner,                    No. CIV S-09-1697 GGH P

12   vs.

13   ANTHONY HEDGPETH, et al.,

14          Respondents.                   ORDER

15   _____/

16          Petitioner, a state prisoner proceeding pro se, has filed a petition for a writ of

17   habeas corpus pursuant to 28 U.S.C. § 2254, together with an application to proceed in forma

18   pauperis.

19          Examination of the in forma pauperis application reveals that petitioner is unable

20   to afford the costs of suit.  Accordingly, the application to proceed in forma pauperis will be

21   granted.  See 28 U.S.C. § 1915(a).

22          The petition raises the following issues: 1) insufficient evidence to support

23   conviction for assault with a firearm; 2) tainted eyewitness identification procedure; 3) the partial

24   verdict procedure was improper; 4) comments to jury by the court when it was deadlocked were

25   improper; 5) use of juvenile conviction to justify upper term was improper.

26   /////

1

1    It appears from the petition that all of these claims were raised in the appellate

2  brief filed in the California Court of Appeal.  The following claims were raised in the petition for

3  review filed in the California Supreme Court: 1) tainted eyewitness identification procedure; 2)

4  the partial verdict procedure was improper; 3) comments to jury by the court when it was

5  deadlocked were improper; 4) use of juvenile conviction to justify upper term was improper.

6  Petitioner did not raise his insufficient evidence claim in the petition for review.

7    The exhaustion of state court remedies is a prerequisite to the granting of a

8  petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  If exhaustion is to be waived, it must

9  be waived explicitly by respondent's counsel.  28 U.S.C. § 2254(b)(3).  A waiver of exhaustion,

10  thus, may not be implied or inferred.  A petitioner satisfies the exhaustion requirement by

11  providing the highest state court with a full and fair opportunity to consider all claims before

12  presenting them to the federal court.  <u>Picard v. Connor</u>, 404 U.S. 270, 276,  92 S. Ct. 509, 512

13  (1971); <u>Middleton v. Cupp</u>, 768 F.2d 1083, 1086 (9th Cir.), <u>cert</u>. <u>denied</u>, 478 U.S. 1021 (1986).

14    Petitioner's insufficient evidence claim is not exhausted.

15    District courts have the authority to stay a mixed habeas petition and hold it in

16  abeyance pending the exhaustion of the unexhausted claims.  <u>Rhines v. Weber</u>, 544 U.S. 269,

17  278 (2005).  The discretion is not unfettered, but, as the Supreme Court has stated, "it likely

18  would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition

19  if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially

20  meritorious, and there is no indication that the petitioner engaged in intentionally dilatory

21  litigation tactics."  Additionally, the Supreme Court has recommended that "[a] prisoner seeking

22  state postconviction relief might avoid [having a court find the petition time-barred] by filing a

23  'protective' petition in federal court and asking the federal court to stay and abey the federal

24  habeas proceedings until state remedies are exhausted."  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 416

25  (2005)(citing <u>Rhines</u>, 544 U.S. at 276).

26  /////

Petitioner is granted thirty days to inform the court whether he would like to stay his "protective" petition so that he may return to state court and exhaust his insufficient evidence claim or dismiss this claim and proceed on the exhausted claims only.

Accordingly, IT IS HEREBY ORDERED that Petitioner is granted thirty days to inform the court whether he would like to stay this action so that he may return to state court and exhaust his insufficient evidence claim or dismiss this claim and proceed on the exhausted claims only.

DATED: June 26, 2009

/s/ Gregory G. Hollows

_____
UNITED STATES MAGISTRATE JUDGE

va1697.ord